UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:08-CV-729-PCF-GJK

EDWARD POWERS,

    Plaintiff,

v.

WAL-MART STORES EAST, L.P.,

    Defendant.
_____/
_____

**DEFENDANT WAL-MART STORES EAST, L.P.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND REQUEST FOR JURY TRIAL**
_____

    Defendant, Wal-Mart Stores East, L.P., by and through the undersigned counsel, hereby files its Answer and Affirmative Defenses:

**JURISDICTION AND VENUE**

    1.    Defendant admits that Plaintiff purports to bring an action for damages within the jurisdictional limits of this Court; however, Defendant denies that Plaintiff is entitled to any relief.

    2.    Defendant admits that Plaintiff purports to bring an action under the Americans with Disabilities Act ("ADA") and Florida Civil Rights Act ("FCRA"); however, Defendant denies that a cause or controversy exists under these provisions so as to entitle Plaintiff to any relief.

    3.    Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 3 of the Complaint, and, therefore, denies the same.

4. Defendant admits that it is a corporation doing business in the State of Florida. Defendant is without knowledge as to what Plaintiff means by the terms "at all times material to this cause of action," and, therefore, denies these allegations.

5. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and, therefore, denies the same.

## ADA STATUTORY PREREQUISITES

6. Defendant admits that it is an employer for purposes of the ADA.

7. Defendant denies the allegations in Paragraph 7 of the Complaint.

8. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 8 of the Complaint, and, therefore, denies the same.

9. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 9 of the Complaint, and, therefore, denies the same.

10. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 5 of the Complaint, and, therefore, denies the same.

11. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 11 of the Complaint, and, therefore, denies the same.

## FCRA STATUTORY PREREQUISITES

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 14 of the Complaint, and, therefore, denies the same.

15. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 15 of the Complaint, and, therefore, denies the same.

16. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 16 of the Complaint, and, therefore, denies the same.

17. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 17 of the Complaint, and, therefore, denies the same.

**GENERAL ALLEGATIONS**

18. Defendant admits the allegations in Paragraph 18 of the Complaint.

19. Defendant admits that Plaintiff was capable of performing his duties as a Sales Associate with Wal-Mart; however, he failed to comply with Defendant's policies.

20. Defendant admits that it terminated Plaintiff's employment on or about October 11, 2006.

21. Defendant admits that Associates are not immediately terminated for failing to take timely meal breaks; rather, like Plaintiff, they are disciplined for their misconduct via Wal-Mart's Coaching for Improvement Policy.

22. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 22 of the Complaint, and, therefore, denies the same.

**SPECIFIC ALLEGATIONS**

23. Defendant re-avers and re-incorporates by reference its responses to Paragraphs 1-22 as though fully set forth herein.

24. Defendant admits that Management has observed Plaintiff utilizing a cane to walk. Defendant is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 24 of the Complaint.

25. Defendant admits that Plaintiff is able to walk. Defendant is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 25 of the Complaint, and, therefore, denies the same.

26. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 26 of the Complaint, and, therefore, denies the same.

27. Defendant admits that Assistant Manager Cassandra Montgomery terminated Plaintiff's employment after he failed to take his scheduled meal breaks at a time when he had already progressed through Defendant's Coaching for Improvement Policy. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant is without knowledge as to Plaintiff's recollection, and therefore denies these allegations. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29. Defendant admits that Plaintiff was issued a Verbal Coaching in March 2006, a Written Coaching in June 2006, and a Decision Making Day Coaching in October 2006. Defendant admits that Plaintiff's brother was not contacted concerning Plaintiff's termination, as Management does not discuss an adult Associate's employment with third parties. Defendant denies the remaining allegations in Paragraph 29 of the Complaint.

30. Defendant admits that Plaintiff is capable of performing his duties as a Sales Associate with Wal-Mart without accommodation. Defendant is without knowledge as to the remaining allegations in Paragraph 30, and, therefore, denies these allegations.

31. Defendant denies the allegations in Paragraph 31 of the Complaint and states that it was not obligated to offer Plaintiff a reasonable accommodation absent a request for an accommodation from Plaintiff and/or a need for the same.

32. Defendant denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

In response to the unnumbered "WHEREFORE" clause that follows paragraph 34 of Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause. Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its costs incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

## **COUNT II- FLORIDA CIVIL RIGHTS ACT HANDICAP DISCRIMINATION**

35. Defendant re-avers and re-incorporates by reference its responses to Paragraphs 1-22 as though fully set forth herein.

36. Defendant admits that Management has observed Plaintiff utilizing a cane to walk. Defendant is without knowledge sufficient to admit or deny the remaining allegations of Paragraph 36 of the Complaint.

37. Defendant admits that Plaintiff is able to walk. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 37 of the Complaint, and, therefore, denies the same.

38. Defendant is without knowledge sufficient to admit or deny the allegations in Paragraph 38 of the Complaint, and, therefore, denies the same.

39. Defendant admits that Assistant Manager Cassandra Montgomery terminated Plaintiff's employment after he failed to take his scheduled meal breaks at a time when he had progressed through Defendant's Coaching for Improvement Policy. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40. Defendant is without knowledge as to Plaintiff's recollection, and therefore denies these allegations.  Defendant denies the remaining allegations in Paragraph 40 of the Complaint.

41. Defendant admits that Plaintiff was issued a Verbal Coaching in March 2006, a Written Coaching in June 2006, and a Decision Making Day Coaching in October 2006.  Defendant also admits that Plaintiff's brother was not contacted concerning Plaintiff's termination, as Management does not discuss an adult Associate's employment with third parties.  Defendant denies the remaining allegations in Paragraph 41 of the Complaint.

42. Defendant admits that Plaintiff is capable of performing his duties as a Sales Associate with Wal-Mart without accommodation.  Defendant is without knowledge as to the remaining allegations in Paragraph 42, and, therefore, denies these allegations.

43. Defendant denies the allegations in Paragraph 43 of the Complaint and states that it was not obligated to offer Plaintiff a reasonable accommodation absent a request for an accommodation from Plaintiff and/or a need for the same.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

In response to the unnumbered "WHEREFORE" clause that follows paragraph 46 of Plaintiff's Complaint, Defendant denies that any case or controversy exists so as to entitle Plaintiff to any relief sought in this clause.   Defendant respectfully requests that this Court: (a) dismiss Plaintiff's Complaint with prejudice; (b) deny Plaintiff's demands and prayer for relief; (c) award Defendant its  costs incurred in defense of this action; and (d) grant such other and further relief as the Court deems just and proper.

**CASE NO. 6:08-CV-729-PCF-GJK**

## **JURY DEMAND**

47. Defendant denies that a cause or controversy exists to entitle Plaintiff to a jury trial.

\*       \*       \*

CASE NO.  6:08-CV-729-PCF-GJK

## STATEMENT OF AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Upon information and belief, Plaintiff's claim for damages is barred, in whole or in part, because he failed to reasonably mitigate his damages.

### Third Affirmative Defense

Any actions undertaken with regard to Plaintiff were taken for lawful and legitimate business reasons.

### Fourth Affirmative Defense

Plaintiff's claims and/or damages are barred on the grounds that even if any decision concerning Plaintiff was based, in part, on grounds of unlawful discrimination, and no decision was, Defendant would have reached the same decision based on other legitimate and non-retaliatory reasons.

### Fifth Affirmative Defense

Plaintiff's claims are barred and/or limited by the after-acquired evidence doctrine to the extent that discovery shows he engaged in misconduct prior to, during, after, or in connection with his employment, that otherwise would have resulted in his discharge, if such conduct were then known to Defendant.

### Sixth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

*Seventh Affirmative Defense*

Defendants have made good faith efforts to prevent discrimination in the workplace, and thus cannot be liable for the actions of its agents, or punitive damages, to the extent the challenged employment decisions were contrary to its efforts to comply with anti-discrimination and anti-retaliation statutes.

*Eighth Affirmative Defense*

Plaintiff's claims are limited to those perfected through the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations.

DATED this 7th day of May 2008.

> Respectfully submitted,
>
> LITTLER MENDELSON, P.C.
> One Biscayne Tower, Suite 1500
> Two South Biscayne Blvd.
> Miami, FL  33131
> Tel:  (305) 400-7500
> Fax: (305) 603-2552
>
> By:  */s/ Linda Noël Fleurimond*
>      Scott A. Forman, Esq.
>      Florida Bar No. 0065950
>      E-mail: *sforman@littler.com*
>      Linda Noël Fleurimond, Esq.
>      Florida Bar No. 0659606
>      E-mail: *lnoel@littler.com*
>
>      Counsel for Defendant, WAL-MART
>      STORES EAST, L.P.

**CASE NO. 6:08-CV-729-PCF-GJK**

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this  <u>7th</u> day of May 2008, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

 <u>*/s/ Linda Noël Fleurimond*_____</u>
 Linda Noël Fleurimond

CASE NO.  6:08-CV-729-PCF-GJK

## SERVICE LIST
### Edward Powers v. Wal-Mart Stores East, L.P.
### Case No.  6:08-CV-729-PCF-GJK
### United States District Court Middle District of Florida

Hector M. de Jesus, Esq.
E-Mail: hector@lawdejesus.com
The Law Firm of Hector M. de Jesus, P.A.
1121 Saxon Boulevard
Orange City, Florida 32763
Tel.: (386) 228-9967
Fax:  (386) 228-9968
*Counsel for Plaintiff*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Scott A. Forman, Esq.
E-Mail: *sforman@littler.com*
Linda Noël Fleurimond, Esq.
E-Mail: *lnoel@littler.com*
LITTLER MENDELSON, P.C.
One Biscayne Tower, Suite #1500
Two S. Biscayne Boulevard
Miami, Florida  33131
Tel.: (305) 400-7500
Fax: (305) 603-2552
*Counsel for Defendant, Wal-Mart Stores East, L.P.*
*(Served via transmission of Notices of*
*Electronic Filing generated by CM/ECF)*

Firmwide:85090072.1 015602.5874